# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN RENEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-0212-JMS-WGH |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| 12TH CIRCUIT COURT VIGO COUNTY | ) | |
| INDIANA, STATE OF INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order to Show Cause

## I.

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] **is granted**.

## II.

This Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Renehan are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.

*Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

First, Renehan appears to bring this action in his own name and on behalf of RAK Development Inc. "A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court." *U.S. v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). Because Renehan is not an attorney, he may not represent RAK Development Inc. Any claim purportedly brought on behalf of RAK Development Inc. is dismissed.

Second, plaintiff Renehan has filed this civil action against the Internal Revenue Service ("IRS"), the 12th Circuit Court, Vigo County, Indiana, and the State of Indiana. However, his claims against each entity are not clear from the complaint. A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder,* 478 F.3d 827, 830 (7th Cir. 2007); *McReady v. Ebay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006). His complaint alleges no set of factual allegations that state a claim for relief that is plausible (or even discernable) on its face.

Third, Renehan's complaint is a civil rights complaint (dkt. 1, p. 1) brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The IRS is not a suable entity. Section 1983 does not support an action against the federal government, *District of Columbia v. Carter*, 409 U.S. 418, 429-30 (1973), and under even the most liberal reading of the complaint, Renehan does not articulate a claim against the IRS

pursuant to *Bivens. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Moreover, the doctrine of sovereign immunity prohibits suits against the United States except in specific instances where the government has consented to be sued. *FDIC v. Meyer*, 114 S.Ct. 996, 1000 (1994). The Federal Tort Claims Act ("FTCA") waives the government's immunity, but only under certain circumstances. The FTCA only permits claims against the United States, but not agencies or individuals. 28 U.S.C. § 2679(a); *Hughes v. United States*, 701 F.2d 56, 57 (7th Cir. 1982). Therefore, the Internal Revenue Service is not an appropriate defendant and the claim against it **is dismissed.**

Finally, neither the State of Indiana nor the Vigo County Court are persons subject to suit pursuant to § 1983. *Will v. Dep't of State Police*, 491 U.S. 58, 70 (1989).[1] Accordingly, both the State of Indiana and the Vigo County Court **are dismissed**.

### III.

Renehan shall have **though August 22, 2014,** in which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Renehan shall not bring a claim on behalf of any corporation unless the corporation has retained counsel.

---

[1] The "12th Circuit Court Vigo County Indiana" does not exist. If Renehan is attempting to sue the Vigo County Court, it is not a suable entity. To the extent the Vigo County Court receives state funding and is a state agency, the court is not a "person" and cannot be subject to liability under 42 U.S.C. § 1983. *Will*, 491 U.S. at 65-66.

**IT IS SO ORDERED.**

Date: 07/23/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Rodney Allen Renehan
285 N. Gilbert Street
Apartment 8
Clinton, Indiana 47842